IN THE UNITED STA0TES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE LUCIO RAMIREZ and JUAN CARLOS MALDONADO<br>Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-00351 |
| SESCO CEMENT, CORP.<br>Defendant. | §<br>§ | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiffs Jose Lucio Ramirez and Juan Carlos Maldonado (Collectively, "Plaintiffs"), by Defendant Sesco Cement, Corp.

## Parties

1. Plaintiffs Jose Lucio Ramirez ("Ramirez") and Juan Carlos Maldonado ("Maldonado"), former employees of Defendant, were personally engaged in interstate commerce during their employment with the Defendant, and are represented by the undersigned.

2. Defendant Sesco Cement, Corp. ("Sesco") is a Texas corporation that employed Plaintiffs. With respect to Plaintiffs, Sesco is subject to the provisions of the FLSA. Sesco was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000. Sesco may be served through its registered agent Davenport Law Firm PC at 2009 Lubbock Street, Houston, Texas 77007 or wherever he may be found.

## Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district,

and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

4. Jose Lucio Ramirez was employed by the Defendant from March of 2016 until January of 2017 as a truck driver. Ramirez's duties included, but were not limited to, driving a pneumatic bulk trailer containing anywhere between 24-25 tons of cement and assisting with/unloading cement into silo tanks. Mr. Ramirez drove to various locations within the State of Texas including Waxahachie, San Antonio, Round Rock, Dallas and College Station. Ramirez regularly worked more than 40 hours a week throughout his employment with Defendant. Ramirez was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week. In other words, throughout Ramirez's employment with Defendant, Defendant failed to pay him the overtime premium required by the FLSA and generally failed to pay him anything for hours she

worked in excess of 40 per workweek.  As far as the hours for which he was paid for hours he worked in excess of 40 per week, he was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

5. Juan Carlos Maldonado was employed by the Defendant from April of 2016 until January of 2017 as a truck driver. Maldonado's duties included, but were not limited to, driving a pneumatic bulk trailer containing anywhere between 24-25 tons of cement and assisting with/unloading cement into silo tanks. Mr. Maldonado drove to various locations within the State of Texas including Waxahachie, San Antonio, Round Rock, Dallas and College Station. Maldonado regularly worked more than 40 hours a week throughout his employment with Defendant. Maldonado was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.  In other words, throughout Maldonado's employment with Defendant, Defendant failed to pay him the overtime premium required by the FLSA and generally failed to pay him anything for hours she worked in excess of 40 per workweek.  As far as the hours for which he was paid for hours he worked in excess of 40 per week, he was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

6. On numerous occasions during Plaintiffs' employment with Defendant, a number of Defendant's other employees complained about not being paid for all of the hours they worked, and about not being paid an overtime premium for hours worked in excess of 40 per workweek.  The employees repeatedly informed Defendant that it was not complying with the law regarding payment.  Despite these numerous notices, Defendant continued to withhold Plaintiffs' and their co-workers' rightly earned pay.  After the Plaintiffs and some of their co-workers refused to continue to work in excess of 8 hours per day when they would not get paid

for over 8 hours per working day, they walked off the job in protest. Instead of trying to correct its illegal conduct, Defendant terminated Plaintiffs and many of their co-workers for trying to assert their rights to be paid properly as required by the Fair Labor Standards Act.

7. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

8. Defendant is liable to Plaintiffs under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendant in violating the FLSA, Plaintiffs are entitled to recover unpaid overtime and liquidated damages for a period of three years prior to their appearance in this matter.

### **Plaintiffs' Individual Allegations**

9. As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek. Defendant failed to pay the Plaintiffs the required overtime premium and failed to pay Plaintiffs at all for many of the hours they worked in excess of 40 per week in most of the workweeks that Plaintiffs worked for Defendant.

10. No exemption excuses the Defendant from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

11. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendant.

12. Plaintiffs have suffered damages as a direct result of Defendant's illegal actions.

13. Defendant is liable to Plaintiffs for unpaid regular and overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Retaliation

13. When Plaintiff and their co-workers tried to assert their rights under the FLSA to be paid for all the time they worked and to be paid time-and-a-half for all hours worked in excess of 40 per workweek, Defendant terminated their employment. Defendant's actions were in retaliation for the employees' attempts to assert their rights were and a violation of the Fair Labor Standards Act's anti-retaliation provisions. As a result of Defendant's retaliatory actions, Plaintiffs suffered actual damages, including but not limited to lost income while they seeks/sought new employment. Plaintiffs are entitled to recover exemplary damages and/or liquidated damages, costs and reasonable and necessary attorney's fees due to Defendant's wrongful conduct.

### Demand for Jury

15. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendant for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Damages for retaliation as pled for above;
4. Judgment against Defendant that its violations of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to amend to add claims under applicable state laws; and
8. For such further relief as the Court deems just and equitable.

                                **THE BUENKER LAW FIRM**

                                */s/ Josef F. Buenker*
                                Josef F. Buenker
                                TBA No. 03316860
                                jbuenker@buenkerlaw.com
                                2030 North Loop West, Suite 120
                                Houston, Texas 77018
                                713-868-3388 Telephone
                                713-683-9940 Facsimile
                                **ATTORNEY-IN-CHARGE FOR PLAINTIFFS JOSE LUCIO RAMIREZ AND JUAN CARLOS MALDONADO**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS JOSE LUCIO RAMIREZ AND JUAN CARLOS MALDONADO**